## JOHNSON *vs.* POULLAIN *et al.*

1. Where, her husband and head of the family refusing, the wife, on behalf of herself and six minor children, applied for homestead of realty, and the husband's and father's real estate, out of which the application prayed that the homestead be carved, consisted of one house and lot in a city, valued by the surveyor at $3,000.00, and where the said house and lot was sold, and two thousand dollars of the proceeds of sale was set apart by the ordinary as a homestead fund, and was placed in the hands of a receiver to be invested in a homestead for the family, and where said receiver invested some eighteen hundred dollars of said homestead fund in a house and lot, bought for the family as a homestead, at the price of $2,500.00, and the husband and wife executed a mortgage on the house and lot for the balance of the purchase money in their own behalf as owners thereof, which was foreclosed and execution issued on the judgment of foreclosure for the sale of the entire property, and was levied thereon; and where the wife, in behalf of herself and said minors, filed her bill in equity, setting forth the above facts, and alleging that, owing to the depreciation in the value of the property, the same would not now bring the balance of purchase money with interest at 18 per cent. agreed to be paid thereon, and the entire homestead fund would be lost unless an injunction were granted staying the proceedings to sell until the equities between the parties could be adjusted; and where the bill prayed for a cancellation of the trade, and the payment of the homestead fund back by the mortgagee after settlement of rents for the use of the house since the purchase, or for such other relief as equity would decree on such facts:

*Held,* that there is equity in the complainant's bill; that the mortgage made by Johnson and wife affected only that part of the property which is not covered by the homestead fund invested therein, and the reversion after the termination of the homestead estate— that is, it covered seven twenty-fifths of the entire title to the house and lot and the reversionary interest in the remaining eighteen twenty-fifths owned by Johnson.

2. The judgment of foreclosure binds only the interest of Johnson and wife individually in the house and lot, which amounts only to seven twenty-fifths of the entire estate in said house and lot and Johnson's reversion in eighteen twenty-fifths thereof; and equity will therefore restrict the lien of the mortgage to the interest of Johnson and wife, as aforesaid, and, if necessary, will either order the sale of the property and a division of the proceeds in the proportion of, say, seven to eighteen—the re-investing of such portion of the fund as represents the eighteen hundred dollar homestead interest therein in a new home for the family, with the ultimate right of the mortagee to levy upon and sell the new homestead for

the unpaid part of the mortgage *fi. fa.* at the termination of the homestead estate, or decree that the mortgage *fi. fa.* proceed to sell the seven twenty-fifths of said estate, leaving the homestead interest and reversion for the present unaffected, and that, in the meantime, the mortgage *fi. fa.* be stayed, at least so far as the homestead and reversion are concerned.

Mortgage. Homestead. Equity. Injunction. Husband and wife. Before Judge LAWSON. Greene County. At Chambers. March 15, 1879.

Mrs. Johnson filed her bill against Poullain *et al.* The principal facts set up were as follows: Her husband refusing, she applied for and obtained a homestead in a house and lot belonging to him. Being valued at more than $2,000, and under levy, the ordinary passed an order setting apart $2,000 of the proceeds of its sale to be invested in a home for the family. One Brown was appointed receiver to make the re-investment. He bought a place from Poullain for $2,500, paid from the money set apart by the ordinary $1,800, and gave a mortgage of the husband and wife on the place to secure the balance of the purchase money, which was to bear eighteen per cent interest. Mrs. Johnson signed this mortgage, understanding that it bound only the excess over the homestead. Poullain has foreclosed his mortgage, and is proceeding to condemn the lot. If sold now it will not bring enough to pay the balance of the purchase money. The prayer is for injunction to stop the sale; that the sale by Poullain to the receiver be declared illegal and void; and that the former account for the amount of exempted funds received by him, with interest, setting off the value of the use of the property by the family, etc. The injunction was refused and complainant excepted.

M. W. LEWIS & SON; E. C. KINNEBREW, for plaintiff in error, cited Code, §§2012–2015, 2329, 2333; 12 *Ga.*, 195; 31 *Ib.*, 203; 59 *Ib.*, 330; 57 *Ib.*, 207; 42 *Ib.*, 95; 45 *Ib.*, 621; 55 *Ib.*, 383.

COLUMBUS HEARD, for defendants, cited 55 *Ga.*, 292; Code, §§2012, 3968, 3126, 3135, 3218; 13 *Ga.*, 389; 18 *Ib.*, 488; 56 *Ib.*, 94; 53 *Ib.*, 66; 55 *Ib.*, 622; 59 *Ib.*, 835.

JACKSON, Justice.

The receiver had no right to invest the homestead fund in property worth more than the fund would buy, and Poullain, cognizant of all the facts, had no right to sell so as to encumber the homestead with a mortgage given by Johnson and wife. His claim is not purchase money in the sense of the constitution. Both parties, however, seem to have acted honestly, but with mistaken ideas of the law; and the result is that both have equities which ought to be adjusted; and we think that the case is one peculiarly suited to the interposition and jurisdiction of courts of equity. The mortgage covers all the house and lot except the homestead estate therein; it does not cover that, because Mr. and Mrs. Johnson had no right to bind that by the mortgage, and it does not appear that they tried to do so. So far as their interest in the house and lot is concerned, that is bound by the mortgage; and as they gave the mortgage, they cannot deny their title, and the foreclosure, if they could, would conclude them. What, then, is their interest? The answer would seem to be, the house and lot, except the homestead part thereof. What is that part? The whole was estimated at, and bargained for at, and purchased at, the price of twenty-five hundred dollars. Eighteen hundred dollars of homestead money was paid for it; therefore the homestead part is eighteen twenty-fifths thereof. The remaining seven-twenty-fifths is not homestead, and as Johnson and wife have mortgaged it, and the mortgage has been foreclosed against them, and they cannot deny title, that title is in them. So that the mortgage covers seven twenty-fifths of the house and lot. Johnson also owns the reversion in the homestead—eighteen-twenty-fifths of the property—after the termination of the homestead estate by the extinction of the recipients of such an estate; and, therefore, the mortgage covers that, too.

The equities of the respective parties, therefore, would seem to be this : That eighteen-twenty-fifths of the house and lot is not subject to the mortgage so long as the homestead estate remains in existence, so long as the family remains a family, but, that seven-twenty-fifths is subject at once, and the reversion in the eighteen-twenty-fifths will be when it comes into Johnson's possession, or right of possession, by the termination of the homestead.

The property has depreciated in value. Probably it will not bring $1,800.00. Partition will be necessary—equitable partition especially appropriate ; even more so, if possible, than in the case of *Grimes et al. vs. Little et al.*, reported in 56 *Ga.*, 649, where it was held, in the case of two trust estates having become blended, without fraud in either trustee, that a bill in equity would lie for such partition. In the case at bar, equitable interference is more necessary, because not only partition may have to be made, and the property sold—the homestead fund reinvested somewhere—and Poullain, the vendor and mortgagee, be allowed by decree to hold his judgment of foreclosure open until the termination of the homestead interest, with the right then to make the balance of the money that may be due after seven-twenty-fifths of what the house sells for has been applied to the debt, or the chancellor may allow the *fi. fa.* to proceed at once to sell the seven-twenty-fifths interest, or so decree at the hearing—but the equities of the homestead claimants must be protected.

So regarding the principles which equity will apply to the facts made by this bill substantially, we think that the chancellor erred in not granting the injunction, at least so far as the homestead is concerned, and also the reversion, because that cannot be touched while the family exists.

The execution issued on the judgment of foreclosure should be stayed to that extent until equity can mould the decree in accordance with the principles above declared, and do justice to all parties, so far as justice under the change of values can be meted out. Of course, these

views are predicated upon the facts set out in the bill, and those facts are admitted to be true by the demurrer which was filed in resistance of the application for the injunction, and no answer or affidavit varying the case made was offered in evidence before the chancellor. Should they be varied in substance on the trial the equities may be different; probably, however, the truth of the case is before us now, and we have endeavored so to consider and determine the principles controlling it as to make an end of it.

Possibly, other parties ought to be made; if so, the complainant doubtless will be allowed to do so, in behalf of the minors interested—if substantial justice cannot be done according to equity without their being represented other than by their mother; and perhaps Johnson, also, should be make a party. But all these are premature considerations, which the parties will attend to as they are advised, and as the court shall direct.

It is enough now to rule that the equity in the bill is sufficient to hold it in court for a final decree, and to require an injunction in the meanwhile.

Judgment reversed.